## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BILLY CLARK and | ) | |
| MARGARET CLARK, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CIV-20-253-D |
| | ) | |
| SAMUEL DELAROSA, PRODUCERS | ) | (District Court of Logan County, |
| SERVICE CORPORATION, PRODUCERS | ) | Okla., Case No. CJ-2019-221) |
| SERVICE CORPORATION – WEST, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORDANDUM OF DECISION
## AND ORDER OF REMAND

On October 27, 2021, the Court raised *sua sponte* the question of whether diversity jurisdiction exists in this case. Specifically, the summary judgment record presented by the parties contained a transcript of deposition testimony by Defendant Samuel Delarosa ("Delarosa") indicating he was a citizen of Oklahoma, not Texas, when this case was filed in October 2019. If so, complete diversity of citizenship is lacking. *See* 10/27/21 Order [Doc. No. 92] at 2-3. The Court thus directed Defendants – who bear the burden to establish federal jurisdiction in this removed case – to show cause why the case should not be remanded to state court.

Defendants filed a timely Response [Doc. No. 93] that presented additional portions of the deposition transcript in which Delarosa corrected his testimony to state he moved from Oklahoma in September of 2019, not 2020, as he had originally testified. Defendants also present an affidavit of Delarosa in which he reaffirms the correction. *See* Delarosa

Aff. [Doc. No. 93-2], ¶ 3.[1]  Delarosa explains his moves between September 2019 and September 2020 as follows:

> When I returned to San Angelo, Texas in September of 2019 I went to work for a company called ProPetro.  I maintained my residence in San Angelo, Texas for six months . . . [;] however I then spent six (6) months following this in Carlsbad, New Mexico working for ProPetro.  I did not intend on staying in New Mexico, and I then moved back to San Angelo, Texas.  I have had my domicile in San Angelo, Texas since September 2019, and it was my intention to keep my domicile in San Angelo, Texas since that time.

*Id*. ¶ 4.  Delarosa states in his affidavit that he "relocated [his] personal belongings and household furnishings to San Angelo in September 2019" (presumably, to his family home because that is the only San Angelo address provided in discovery) and that he "ha[s] continuously received mail and paid utilities at [his] residence in San Angelo, Texas since September 2019."  *Id*. ¶ 6.  Delarosa explains his intention to stay in San Angelo, Texas to be close to his family.  *Id*. ¶ 5.[2]

Plaintiffs filed a Reply [Doc. No. 97] to dispute Delarosa's place of citizenship in October 2019.   Plaintiffs point out that, despite Delarosa's inconsistent deposition testimony about when he left Oklahoma, he clearly testified that he had been living in San Angelo, Texas, for approximately eight months at the time of his deposition on May 11,

---

[1]  Delarosa also characterizes his deposition testimony to be that he "left Oklahoma in September of 2019 to return to [his] home to San Angelo, Texas where [his] permanent residence has been since September of 2019."  *See* Delarosa Aff. ¶ 3.  However, Delarosa did not so testify during any part of the deposition transcript filed of record.

[2]  Delarosa does not identify specific family members.  He testified that he is divorced (since 2015) and that three children from the marriage (ages 21, 17 and 14 years) live in San Angelo but a younger child (three years old) lives in Oklahoma.  *See* Delarosa Dep. 15:15-16:16.

2021, which would mean since September or October 2020. *See* Delarosa Dep. 7:3-6. Delarosa testified regarding his employment history that he left Oklahoma to work for ProPetro Oil Field Services ("Pro Petro") in Midland, Texas; he worked in Midland for about six months and then Carlsbad, New Mexico, for about six months (totaling approximately one year with ProPetro); he then returned to San Angelo and worked at Ashley Home Furnishing for four months (beginning in August 2020); and he started work at his current job in San Angelo with U.S. Well Services in December 2020. *See* Delarosa Dep. 8:4-16; 9:3-6; 9:15-20; 10:3-6; 10:14-11:24; 12:4-23.

Plaintiffs provide a copy of Delarosa's Oklahoma driver's license, which was issued in November 2017 and he was still using at the time of his deposition in 2021; Delarosa testified that he did not have a Texas license. *See* Pls.' Reply, Ex. 2 [Doc. No. 97-2]; Delarosa Dep. 16:20-23. Plaintiffs recall that a process server was unable to serve Delarosa at his San Angelo, Texas address in March 2020, and residents indicated he was not living there at the time. *See* Doherty Aff. [Doc. No. 97-3].[3] In an effort to accomplish service, Plaintiffs hired an investigator in San Angelo who was unable to find a current location for Delarosa. *See* Pls.' Mot. Extension Time Serve Delarosa, Ex. 6 [Doc. No. 11-6].

---

[3] The 2017 traffic report regarding the motor vehicle accident states Delarosa's address is San Angelo, Texas, consistent with a Texas commercial driver's license he was using. *See* Pls.' Resp. Opp'n Defs.' Mot. Summ. J., Ex. 9 & Ex. 14 [Doc. Nos. 82-9 and 82-14]. A copy of the license is redacted, but Delarosa provided in discovery a residence address of 1718 Millspaugh Street in San Angelo. A process server attempted personal service in March 2020. A resident at 1722 Millspaugh Street stated Samuel Delarosa lived next door; an individual at the next-door residence identified himself as Samuel Delarosa, the father of Defendant Delarosa. *See* Doherty Aff. [Doc. No. 97-3]. The father stated his son had lived in Oklahoma but was "moving around following the fracking business . . . [and was] most likely in New Mexico." *Id.* Discovery answers and driver's licenses show Delarosa's full name is "Samuel Delarosa III." *See* Pls.' Reply, Ex. 2 & Ex. 4 [Doc. Nos. 97-2 and 97-4].

Defendants have filed an unauthorized supplemental brief [Doc. No. 98] to provide additional legal arguments and address Plaintiffs' arguments.   Because both Plaintiffs and Defendants have treated the briefing requested by the Court as governed by LCvR7.1, the Court elects to consider Defendants' additional filing.[4]

## Standard of Decision

Defendants as the "proponent[s] of federal jurisdiction must, if material factual allegations are contested, prove those jurisdictional facts by a preponderance of the evidence." *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (internal quotation omitted); *see Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).   The contested jurisdictional fact in this case is Delarosa's citizenship.   "For purposes of diversity jurisdiction, a person is a citizen of a state if the person is domiciled in that state. And a person acquires domicile in a state when the person resides there and intends to remain there indefinitely." *Middleton*, 749 F.3d at 1200 (citation omitted).   Domicile is determined by "consider[ing] the totality of the circumstances . . . , and any number of factors might shed light on the subject in any given case." *Id*. at 1200-01.   Relevant factors other than residence may include "voter registration and voting practices; situs of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; place of employment or business; driver's license and automobile registration; payment of taxes; as well as several other aspects of human life and activity." *Id*. at 1201 (quoting 13E Charles Alan Wright,

---

[4]  Defendants apparently treated their show-cause response as an opening brief and viewed their filing as a reply brief permitted by LCvR7.1(i).

*et al.*, *Federal Practice and Procedure* § 3612, at 536-41 (3d ed. 2009)); *see State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (driver's license is relevant to determine person's domicile).

Once a person's domicile in a particular state is established, "the person may depart without necessarily changing his domicile." *Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006). "To effect a change in domicile, two things are indispensable: First, residence in a new domicile, and second, the intention to remain there indefinitely." *Id.* (quoting *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983)).

### Analysis

Applying these principles in this case, the Court first finds it to be clear and virtually undisputed that Delarosa was domiciled in Oklahoma in 2019, at least until September. Delarosa testified unequivocally that Oklahoma was the place of his permanent residence when the accident occurred in October 2017. *See* Delarosa Dep. 7:21-8:3. Oklahoma remained Delarosa's place of residence and employment even after he stopped working for Defendants in May 2019 (*id.* 13:4-15); he had a driver's license issued by the State of Oklahoma in November 2017; and Oklahoma was the situs of other aspects of his life, such as the birth of a child. *See supra* note 2. The question presented is, when did Delarosa's domicile change? To establish the jurisdictional fact of diverse citizenship, Defendants must prove that Delarosa effected a change in his domicile to a state other than Oklahoma before Plaintiff filed this action on October 4, 2019.[5]

---

[5] The time-of-filing rule for determining subject matter jurisdiction is well established. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 574 (2004) (reaffirming rule stated in

Defendants contend Delarosa's domicile changed in September 2019 when he moved away from Oklahoma to return to a family home in San Angelo, Texas. Defendants assert that the evidentiary materials of record are sufficient to carry their burden of proof on this issue. *See* Defs.' Reply Br. at 1-3. Thus, the Court proceeds to decide the question without an in-person hearing. Upon consideration of the evidentiary materials presented, the Court finds that Defendants have failed to establish a change of domicile occurred when Delarosa left Oklahoma in September 2019.

Delarosa testified that he left Oklahoma when he started working for ProPetro, that he had a one-year period of employment with ProPetro from September 2019 to August 2020, and that during this time he lived in Midland, Texas, and Carlsbad, New Mexico. *See* Delarosa Dep. 8:4-16; 10:23-11:2, 11:10-24; 12:4-18. Defendants do not explain how Delarosa became a resident of San Angelo, Texas – and so effected a change of domicile to Texas – while he was living and working elsewhere. They present an affidavit of Delarosa for the purpose of showing domicile in Texas that, as quoted above, states he returned to San Angelo in September of 2019 when he went to work for ProPetro and he maintained a residence in San Angelo for the next six months. *See* Delarosa Aff., ¶ 4. This statement is contrary to Delarosa's deposition testimony that he resided in Midland, Texas, while he was working for ProPetro there, and at the time of his deposition in May 2021 he

---

1829 that "where there is no change of party, a jurisdiction depending on the condition of the party is governed by that condition, as it was at the commencement of the suit") (internal quotation omitted); *see Siloam Springs Hotel, L.L.C. v. Century Sur. Co*., 781 F.3d 1233, 1239 (10th Cir. 2015) ("[I]t is clear the relevant time period for determining the existence of complete diversity is the time of the filing of the complaint.").

had only lived in San Angelo for eight months.  *See* Delarosa Dep. 7:2-6, 8:4-16, 12:4-16. The Court finds that Delarosa's self-serving statements in his affidavit are not credible and are insufficient to show Delarosa's residence in a new domicile in September 2019.

Nor do Defendants point to any other factors relevant to a determination of domicile that would indicate a change occurred in September 2019.  Delarosa makes conclusory statements in his affidavit that he changed his domicile to Texas in 2019 and intended to keep a domicile in Texas since that time.  But, again, the Court finds these self-serving statements are insufficient because they are unsupported by any specific facts and are inconsistent with Delarosa's deposition testimony.  The only specific statements in Delarosa's affidavit – that he relocated personal belongings and household furnishings to San Angelo and he received mail and paid for utilities there – do not necessarily mean he resided or was domiciled there, particularly when he was living elsewhere.

In summary, the Court finds that Defendants have failed to satisfy their burden to prove by the preponderance of the evidence – that it is more probably true than not true – that Delarosa changed his domicile in September 2019 and he was a citizen of Texas when this case was filed in October 2019.  Therefore, the Court finds that Defendants have not shown that complete diversity of citizenship exists in this case.

## Conclusion

For these reasons, the Court finds that it lacks subject matter jurisdiction over this case, and under 28 U.S.C. § 1447(c), the case must be remanded to the District Court of Logan County, Oklahoma.

**IT IS SO ORDERED** this 1st day of February, 2022.

TIMOTHY D. DeGIUSTI
Chief United States District Judge